UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Crim. Case No. 18-20671

v.

Paul D. Borman
United States District Judge

DEMETRIUS BROOKS,

      Defendant.
_____/

OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO SUPPRESS

On August 4, 2018, at 11:30 pm, Detroit Police Officers Joseph Anthony, Lenin Amarante, and Jaime Rodriguez pulled over a 2017 Jeep Compass driven by Alexsand Pina. Other occupants of the Jeep were Angel Torres (front passenger seat) and Defendant Demetrius Brooks (rear passenger-side seat).

On October 9, 2018, the United States indicted Demetrius Brooks on a single count: felon in possession of a firearm, 18 U.S.C. § 922(g)(1), for possessing a Excam model 25, .25 caliber pistol seized in a search of the rear seat area of the car. On November 16, 2018, Defendant Brooks filed a Motion to Suppress all evidence seized from the car search. (ECF #23)

1

On February 26, 2019, the Court held an evidentiary hearing. (Transcript ECF #36). Witnesses called to testify were: Detroit Police Officers Lenin Amarante and Joseph Anthony, and the Jeep's driver Alexsand Pina. Officer Amarante testified that the reason for the stop was that Mr. Torres was not wearing his seatbelt. Mr. Pina testified that Mr. Torres was wearing his seatbelt.

The Court also viewed videos of the stop and seizure captured on the officers' body cameras and the police car's dash cam, and read the pleadings filed on this Motion to Suppress, including the parties' post-hearing Supplemental Memoranda.

The Police officers testified that upon approaching the Jeep they smelled marijuana, and Officer Anthony testified that he saw Defendant Brooks make a downward "stuffing" motion in the rear seat. The Officers also testified that they saw what appeared to be a marijuana cigarette in plain view cradled behind Defendant Brooks' left ear.

The officers removed, handcuffed, and detained the three vehicle occupants while the Jeep was searched. Officer Jaimie Rodriguez recovered a firearm in the back seat area.

The Court, having heard the testimony at the evidentiary hearing, viewing the videos, and reading the parties' pre-hearing and post-hearing briefs credits the

testimony of the police officers and concludes that the police, while stopped at the light next to the Jeep, did see that Mr. Torres was not wearing his shoulder-lap seatbelt, a traffic violation, thereby providing probable cause to initiate a traffic stop. Failing to wear a seatbelt is a civil traffic violation in the State of Michigan. MCL §257.710(3). The United States Court of Appeals for the Sixth Circuit has held that "A Police Officer may legally stop a car when he has probable cause to believe that a civil traffic violation has occurred. *Untied States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008) cited with approval in *United States v. McKinley*, 735 Fed. Appx 871, 873 (6th Cir. 2018). Specifically, the Court finds credible the testimony of Officers Amarante and Anthony.

The Court also notes that Mr. Pina initially testified, that when he was pulled over and told by police that he was stopped because Mr. Torres was not wearing his seatbelt, he told them that Torres had been wearing a seatbelt. However, after the Assistant U.S. Attorney played Officer Amarante's body camera audio/video, it established that Mr. Pina had not so responded to the officer. Evidentiary Hearing Transcript, February 26, 2019, Pp. 70-71:

> <u>Prosecutor</u>: So, Mr. Pina, to answer my question, you didn't tell officers that a seatbelt was on, did you?
>
> <u>Pina</u>: He didn't ask me a question. He kind of just told me.

Tr. P. 71.

The Supreme Court held in *United States v. Whren*, 517 U.S. 806, 813 (1996) that the officers' subjective intent in conducting the stop on a traffic violation was irrelevant. The Court concludes that the police stop of the Jeep was lawful.

The Court also finds credible the officers' testimony that have had extensive experience in interdicting marijuana, and that upon approaching the Jeep on that hot August summer day, they smelled marijuana and further saw a marijuana joint lodged on Defendant Brooks' ear. The Sixth Circuit has "repeatedly" held that the smell of marijuana establishes probable cause to search a vehicle. *McKinley* at 873.

Officer Anthony testified that when the Jeep stopped, he approached the passenger side, detected a strong odor of marijuana, "and I also observed the rear passenger [Mr. Brooks] making a – leaning forward and making a stuffing motion under the seat . . . Between the base of the seat and the floorboard kind of come up. So between the cushion and the base." Anthony, Evidentiary Hearing (ECF #36) P. 45. Officer Anthony elaborated: "He was leaning forward with his shoulder down and his hands were in between the seat, the base of the seat and the cushion." Tr. P. 46. This indicated to him that Defendant Brooks was "trying to conceal contraband. *Id*. The Court finds Officer Anthony's testimony to be credible.

4

The Court finds that the officers legally stopped for a traffic violation, and after smelling marijuana, a controlled substance, were justified in ordering the occupants to exit the Jeep, and to thereafter search the Jeep. Thus, the seizure of the firearm found in the backseat area of the car, during the search, and the seizure of marijuana found in plain view on Defendants ear and on his person were lawful.

Accordingly, the Court DENIES Defendant's Motion to Suppress the firearm and the marijuana.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2019