UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Crim. Case No. 18-20671

Plaintiff,

v.

Paul D. Borman
United States District Judge

DEMETRIUS BROOKS,

Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND NEW TRIAL

Defendant moves for an evidentiary hearing and new trial under *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), in light of a post-verdict email to the Court from the only African-American juror. (ECF #57, filed 6/6/19, PgID 344.)

Defendant was convicted by a jury on Friday, May 31, 2019 – 4:00pm – of being a felon in possession of a firearm. After the foreperson read the verdict, the Court asked each juror – was that your verdict of guilty – and each juror, individually, affirmed that he or she had rendered a verdict of guilty.

1

Three hours later, at 6:58pm, a juror emailed a communication to the Court's jury department stating that she felt "peer pressured" by the other jury members to reach a guilty verdict (Redacted Letter attached). The juror also stated that she believed there was reasonable doubt and more evidence was needed to find the defendant guilty. The juror further stated that the other jurors said that she was not using common sense, and that she was berated by other jurors every time she brought up the lack of evidence.

Finally, the juror stated that the other jurors sided with the police, although they agreed that there was enough lack of evidence to cause a reasonable doubt, because the "cops say he is guilty."

On June 6, 207 the Government filed a "Motion to Enforce FRE 606(b)'s Protection of Internal Jury Deliberations." (ECF #56, PgID 332.)

On June 6, 2019, Defendant filed a Motion for Evidentiary Hearing and New Trial. (ECF #57, PgID 344.)

On June 7, 2019, the Court held a hearing on these motions.

The Court finds that the Supreme Court opinion in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017) controls the Court's resolution of these motions. In *Pena-Rodriguez*, the Court held that despite the Federal Rule of Evidence 606(b) no-impeachment of jury verdict rule, there is an exception "when after the

jury is discharged, a juror comes forward with compelling evidence that another juror made clear and explicit statements indicating that racial animus was a significant motivating factor in his or her note to convict." *Pena-Rodriguez* at 861.

In *Pena-Rodriguez*, the issue was that during deliberation a juror had expressed anti-Hispanic bias." *Id.*

The Supreme Court held that it was required to decide whether there is an exception to the no-impeachment rule "when a juror's statements indicate that racial animus was a significant motivating factor in his or her finding of guilt. *Id.* at 867.

The Supreme Court held that

> where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule gives way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee. Not every offhand comment indicating racial bias or hostility will justify setting aside the no-impeachment bar to allow further judicial inquiry. For the inquiry to proceed, there must be a showing that one or more jurors made statements exhibiting overt racial bias that case serous doubt on the fairness and impartiality of the jury's deliberations and resulting verdict. To qualify, the statement must ten to show that racial animus was a significant motivating factor in the juror's vote to convict. Whether that threshold showing has been satisfied is a matter committed to the

substantial discretion of the trial court in light of all the circumstances, including the content and timing of the alleged statements and the reliability of the proffered evidence.

*Id.* at 869.

The Supreme Court further noted in *Pena-Rodriguez*:

In this case, the alleged statements by a juror were egregious and unmistakable in their reliance on racial basis.

*Id.* at 870. The Supreme Court added:

While the trial court concluded that . . . Rule 606(b) did not permit it even to consider the resulting affidavits, the Court's holding today removes that bar. When jurors disclose an instance of racial bias as serious as the one involved in this case, the law must not wholly disregard its occurrence.

*Id.*

In *Pena-Rodriguez*, the Supreme Court found that during jury deliberations, in a case charging the defendant with harassment, unlawful sexual conduct, and attempted sexual assault on a child, furors had expressed anti-Hispanic bias toward the defendant and his alibi witness, to wit:

Mexican men had a bravado that caused them to believe they could do whatever they wanted with women.
. . .
Mexican men are physically controlling of women because of their sense of entitlement. . . .

4

> I think he did it because he's Mexican and Mexican men
> take whatever they want. . . .
> Nine times out of ten Mexican men were guilty of being
> aggressive toward women and young girls.

*Id.* at 862.

In the instant case, there are no allegations in the juror's email of other jurors making racial statements against either the defendant's race or her race.

Officer Anthony testified that despite the rear tinted windows, using his flashlight on that window, he could see Defendant Brooks make the downward stuffing motion, and this was captured on his body-mounted video camera. At trial the Government played this video and argued that it clearly showed Defendant's downward stuffing motion before he raised his hands. During jury deliberations, the jurors requested to see that video, and it was played for them again in court. The Government had argued that the video established, that with the use of the flashlight, Defendant's downward stuffing motion was visible. Thus it was not just the testimony of Officer Anthony that was before the jury, but also the body camera video.

At the hearing on June 7, 2019, the Court asked defense counsel:

> Court: The email that she sent to the jury department
> does not mention racial bias or prejudice in any way; is
> that correct?

Defense Counsel: Correct, and I agree with that.

Hearing Transcript, (ECF #58, June 7, 2019, p.5)

CONCLUSION

The Court DENIES Defendant's motion for a hearing and new trial based on

*Pena-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017).

SO ORDERED.

DATED: 6-10-19

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE